IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| TIMOTHY LEE COLLINS, | ) | |
|     Petitioner, | ) | Civil Action No. 16-63 Erie |
| | ) | |
|     v. | ) | District Judge Barbara Rothstein |
| | ) | Magistrate Judge Susan Paradise Baxter |
| SUPT. MARK GARMAN, | ) | |
| et. al., | ) | |
|     Respondents. | ) | |

**MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION**

**I.      RECOMMENDATION**

The petitioner, Timothy Lee Collins, is a state prisoner who is in custody pursuant to a judgment of sentence imposed by the Court of Common Pleas of Crawford County on January 28, 1992. He has filed a petition for a writ of habeas corpus [ECF No. 4] pursuant to 28 U.S.C. § 2254 in which he challenges that judgment of sentence. The Court may dismiss the petition prior to service if it plainly appears that Collins is not entitled to habeas relief. 28 U.S.C. § 2243; Rule 4 of the Rules Governing Section 2254 Cases In the U.S. District Courts. That is the case here because the petition is second or successive and Collins has not received from the United States Court of Appeals for the Third Circuit an order authorizing this Court to consider it, as required by 28 U.S.C. § 2244(b)(3)(A). Accordingly, it is respectfully recommended that the petition be summarily dismissed for lack of jurisdiction and that a certificate of appealability be denied.

**II.     REPORT**

In June 1991, Collins was tried in the Court of Common Pleas of Crawford County at Criminal Docket No. 1990-780 on several charges, including criminal homicide and arson endangering persons. He waived his right to a jury and proceeded to a bench trial where he was found guilty of arson

1

endangering persons. On January 28, 1992, the court sentenced him to a term of life imprisonment without the possibility of parole. [ECF No. 4, ¶¶ 1-6]. See also Collins v. Meyers, 77 F.App'x 563 (3d Cir. 2003).

In March 1998, Collins filed with this Court a *pro se* petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254 in which he challenged his judgment of sentence. That habeas case was docketed as Collins v. Meyers, No. 1:098-cv-91 (W.D. Pa.). This Court denied Collins's request for habeas relief and on August 29, 2003, the Court of Appeals for the Third Circuit affirmed that decision. Collins, 77 F.App'x at 565-68.

The Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"), codified in relevant part at 28 U.S.C. § 2244(b), mandates that before a state prisoner may file a second or successive habeas corpus petition in which he challenges a judgment of sentence that he previously challenged in a federal habeas action, he must first obtain an order from the appropriate court of appeals authorizing the district court to consider the petition. 28 U.S.C. § 2244(b)(3)(A). See, e.g., Magwood v. Patterson, 561 U.S. 320 (2010). See also United States v. Winkelman, 746 F.3d 134, 135 (3d Cir. 2014); In re Pendleton, 732 F.3d 280, 282 (3d Cir. 2013) (per curiam). Once a petitioner moves for authorization to file a second or successive petition, a three-judge panel of the court of appeals must decide within thirty days whether there is a prima facie showing that the application satisfies § 2244's substantive requirements, which are set forth in § 2244(b)(2). See U.S.C. § 2244(b)(3)(C). AEDPA's allocation of "gatekeeping" responsibilities to the courts of appeals has divested district courts of jurisdiction over habeas petitions that are second or successive filings. See, e.g., Burton v. Stewart, 549 U.S. 147 (2007).

In the petition for a writ of habeas corpus that Collins filed recently with this Court pursuant to 28 U.S.C. § 2254, he once again challenges the judgment of sentence imposed upon him by the Court of Common Pleas of Crawford County at Criminal Docket No. 1990-780. [ECF No. 4, ¶¶ 1-5]. He

2

acknowledges that he previously filed a federal habeas petition in which he challenged the same judgment of sentence. [ECF No. 4, ¶ 14]. A review of the Court of Appeals for the Third Circuit's docket, which is available on PACER, establishes Collins has not received from that court authorization to file a second or successive petition. Accordingly, his petition must be dismissed for lack of jurisdiction. See, e.g., Burton, 549 U.S. at 152-54.

Collins may file with the Court of Appeals for the Third Circuit an application for authorization to file a second or successive petition. If that court grants his application, he may file another habeas action with this Court at a new docket number.

### B.    Certificate of Appealability

Section 102 of AEDPA, which is codified at 28 U.S.C. § 2253, governs the issuance of a certificate of appealability for appellate review of a district court's disposition of a habeas petition. It provides that "[a] certificate of appealability may issue...only if the applicant has made a substantial showing of the denial of a constitutional right." In Slack v. McDaniel, 529 U.S. 473, 474 (2000), the Supreme Court stated that "[w]hen the district court denies a habeas petition on procedural grounds without reaching the prisoner's underlying constitutional claim, a [certificate of appealability] should issue when the prisoner shows, at least, that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling." Applying that standard here, jurists of reason would not find it debatable whether the instant petition is a second or successive petition. Accordingly, a certificate of appealability should be denied.

### III. CONCLUSION

For the foregoing reasons, it is respectfully recommended that the petition for a writ of habeas corpus be summarily dismissed for lack of jurisdiction and that a certificate of appealability be denied.

Pursuant to the Magistrate Judges Act, 28 U.S.C. § 636(b)(1)(B) and (C), and Rule 72.D.2 of the Local Civil Rules, Collins is allowed fourteen (14) days from the date of this Order to file objections to this Report and Recommendation. Failure to do so will waive the right to appeal. Brightwell v. Lehman, 637 F.3d 187, 193 n.7 (3d Cir. 2011).

/s/ Susan Paradise Baxter
SUSAN PARADISE BAXTER
United States Magistrate Judge

Dated: June 1, 2016

cc: Barbara Rothstein
United States District Judge

Notice by first class mail to:

Timothy Lee Collins
BT4882
SCI Rockview
BOX A
1 Rockview Place
Bellfonte, PA 16823-0820

Supt. Mark Garman
SCI Rockview
Box A
1 Rockview Place
Bellfonte, PA 16823-0820

Kathleen G. Kane
Pennsylvania Office of Attorney General
16th Floor, Strawberry Square
Harrisburg, PA 17120

Francis J. Schultz, Esq.
Crawford County District Attorney's Office
903 Diamond Park
Meadville, PA 16335